# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY WIGGINS, | ) 1:10-cv-02093-OWW-JLT HC |
| Petitioner, | ) FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 11) |
| v. | |
| JAMES A. YATES, Warden, | ) ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 20, 2010, Petitioner filed his petition for writ of habeas corpus in this Court. (Doc. 1).

Petitioner alleges that he is in custody of Pleasant Valley State Prison, serving a indeterminate sentence of seven years to life, as a result of a conviction for first degree murder in the Riverside County Superior Court on May 3, 1978. However, Petitioner does not challenge either his conviction or sentence. Instead, Petitioner contends that on September 10, 2008, the prison's Unit Classification Committee unlawfully increased his classification level from "Medium A Custody" to "Close B Custody" despite the fact that Petitioner had been discipline free since a 1997 rules infraction for aiding and abetting an escape. (Doc. 1, pp. 7-8).

On November 24, 2010, the Court ordered Respondent to file a response. (Doc. 5). On January 24, 2011, Respondent filed the instant motion to dismiss, contending that Petitioner had

failed to raise a cognizable habeas claim.  (Doc. 11).  On May 13, 2011, Petitioner filed his opposition to the motion to dismiss.  (Doc. 17).

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent...where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, as mentioned, Petitioner alleges that the Unit Classification Committee at his prison facility unlawfully re-classified Petitioner despite the fact that Petitioner had been discipline free for twelve years.   As a result of this re-classification, Petitioner alleges that he lost his work assignment as a cook, along with the pay associated with that position.  As relief, Petitioner requests that he be re-installed into his cook's job and to be reimbursed for any pay he would have earned during the period of erroneous re-classification.  (Doc. 1, p. 16).

Respondent correctly argues in the motion to dismiss that Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement.  Therefore, Petitioner is not entitled to habeas corpus relief; thus, Respondent's motion to dismiss should be granted and this petition should be dismissed.  Should Petitioner wish to pursue his claims, Petitioner

may do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983, if he can establish that the change in his classification rises to the level of a constitutional injury. Otherwise, Petitioner may seek relief in state court based upon alleged violations of state law.

## **RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss the petition for writ of habeas corpus (Doc. 11), be GRANTED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief.

This Findings and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 18, 2011**             /s/ **Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE